WO                  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ALLSTATE PROPERTY AND CASUALTY )
INSURANCE CO., et al.,                                    )
                                                                            )
                    Plaintiffs,                   )
                                                                            )
       vs.                                                          )
                                                                            )
CARLENE TOMLINSON, et al.,                       )
                                                                            )   No. 2:14-cv-1940-HRH
                    Defendants.            )
_____)

O R D E R

Motion to Dismiss, Transfer, or Stay

Defendant Carlene Tomlinson moves to dismiss plaintiffs' complaint, or in the alternative to transfer this matter to New Jersey state court or to stay this matter until the New Jersey state court proceedings are final.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

Background

Plaintiffs are Allstate Property and Casualty Insurance Company and Allstate Indemnity

---

[1] Docket No. 56.

[2] Docket No. 87.

-1-

Company. Defendant is Carlene Tomlinson.[3]

On June 2, 2012, Tomlinson was injured when she was struck by a 2007 Chevrolet Trailblazer driven by Christian Barrientos-Conde. On November 8, 2013, Tomlinson filed suit against Barrientos-Conde, Chelsea Jensen, and others in New Jersey state court.[4] Tomlinson asserted a negligent entrustment claim against Jensen, alleging that "Jensen physically handed the keys to the 2007 Chevrolet Trailblazer to Christian Barrientos-Conde who was visibly intoxicated at the time...."[5] Tomlinson also asserted an "encouragement of wrongful behavior" claim against Jensen, alleging that "Jensen ... substantially encouraged or assisted Barrientos-Conde in his voluntary consumption of alcohol and operation of the vehicle while intoxicated."[6]

On April 14, 2014, Tomlinson filed an amended complaint in the New Jersey state court action, in which she asserted the same two claims against Jensen as well as additional claims against Jensen based on New Jersey's social host statute and Dram Shop Law.[7] On May 21, 2014, Tomlinson filed a second amended complaint in New Jersey state court in which she asserted the same four claims against Jensen and for the first time, a declaratory judgment act claim against

---

[3] There are other defendants in this case, but the instant motion was brought by defendant Tomlinson.

[4] Exhibit A, Affidavit of David Wendel [etc.], Docket No. 56-1.

[5] Complaint [etc.] at 5, ¶ 23, Exhibit A, Wendel Affidavit, Docket No. 56-1.

[6] Id. at 7, ¶ 32.

[7] Exhibit B, Wendel Affidavit, Docket No. 56-1.

Allstate Fire & Casualty Insurance Company.[8] Tomlinson sought a declaration that Jensen was covered under her mother's Allstate homeowners, automobile, and landlord policies for the claims that Tomlinson had asserted against Jensen.

On September 4, 2014, plaintiffs commenced the instant action, in which they seek a declaration that no coverage is available for Jensen under her mother's homeowners and landlord policies and that they have no duty to defend or indemnify Jensen under either policy.[9]

On September 12, 2014, Tomlinson filed a third amended complaint in New Jersey state court.[10] Tomlinson asserted the same four claims against Jensen, but her declaratory judgment claim was now asserted against Allstate Fire & Casualty Insurance Company and Allstate Property and Casualty Insurance Company. Tomlinson acknowledged that as of July 29, 2014, Allstate was providing a defense for Jensen under her mother's automobile policy,[11] but Tomlinson continued to seek a declaration that Jensen was covered under her mother's homeowners and landlord policies.

On October 2, 2014, Tomlinson voluntarily dismissed the Allstate defendants from the New

---

[8]Exhibit C, Wendell Affidavit, Docket No. 56-1.

[9]Docket No. 1.

[10]Exhibit D, Wendell Affidavit, Docket No. 56-1.

[11]Id. at 15, ¶ 63.

Jersey state court action.[12]  Tomlinson's attorney avers that the decision to dismiss the Allstate defendants was made after he spoke "with local New Jersey counsel for Allstate."[13]  He further avers that he made this decision "because I was unsure whether the facts as presently known at the time would give rise to an actual claim for coverage under the subject policies (homeowners and renters) without engaging in further discovery."[14]

On October 9, 2014, plaintiff's counsel notified Tomlinson's counsel that the instant action had been filed.[15]  Tomlinson was served with plaintiffs' complaint in December 2014.[16]

Tomlinson's counsel avers that since October 2014, "the parties in the New Jersey action have exchanged a substantial amount of paper discovery, including the exchange of documents and Answers to Interrogatories, and taken numerous depositions."[17]  Jensen's deposition was to be taken on May 7, 2015.  Trial of the New Jersey action is currently set for October 18, 2015.

Tomlinson now moves to dismiss plaintiffs' complaint or in the alternative, to transfer this case to New Jersey state court or to stay this action pending resolution of the New Jersey state court case.

---

[12]Exhibit F, Wendel Declaration, Docket No. 56-1.

[13]Wendel Declaration at 4, ¶ 11, Docket No. 56-1.

[14]Id.

[15]Exhibit G, Wendel Declaration, Docket No. 56-1.

[16]Docket No. 16.

[17]Wendel Affidavit at 5, ¶ 13, Docket No. 56-1.

Discussion

"The Declaratory Judgment Act states, 'In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration.'" Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (quoting 28 U.S.C. § 2201(a)). "Consequently, ... the district court must first inquire whether there is an actual case or controversy within its jurisdiction." Id. "Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., and its progeny." Id. (internal citations omitted).

Plaintiffs contend, and Tomlinson does not dispute, that this court has diversity jurisdiction over this matter. But that does not answer the question of whether there is an actual case or controversy here. The Ninth Circuit has held that there is a case or controversy when an insurer brings a declaratory judgment to determine whether it has a duty to defend and a duty to indemnify. American States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994). Although plaintiffs seek a declaration that they have no duty to defend or indemnify Jensen under her mother's homeowners and landlord policies,[18] there is no case or controversy as to plaintiffs' duty to defend Jensen under the homeowners and landlord policies because plaintiffs are already defending Jensen under her mother's automobile policy and Tomlinson dismissed her declaratory

---

[18]Complaint at 17-18, Docket No. 1.

judgment claims as to the homeowners and landlord policies. There is also no case or controversy yet as to plaintiffs' duty to indemnify Jensen under her mother's homeowners and landlord policies. A declaratory judgment action on the duty to indemnify is not "'a justiciable and ripe controversy'" until liability is established. Travelers Prop. Cas. Corp. v. Winterthur Int'l, Case No. 02–Civ.-2406, 2002 WL 1391920, at *6 (S.D.N.Y. June 25, 2002) (quoting Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp., 90 F.3d 671, 676 (2d Cir. 1996)); see also, Western Int'l Syndication Corp. v. Gulf Ins. Co., Case No. CV 04-2349-RGK (JWJx), 2004 WL 5573919, at *2-3 (C.D. Cal. Dec. 20, 2004) (dismissing declaratory judgment action on the duty to indemnify because "the issue of liability is still unfixed"). Jensen's liability as to the claims Tomlinson has asserted against her has not yet been established.

## Conclusion

Because there is no actual case or controversy here, Tomlinson's motion to dismiss[19] is granted.[20] The clerk of court shall enter judgment dismissing plaintiffs' complaint without prejudice.

DATED at Anchorage, Alaska, this 27th day of May, 2015.

/s/ H. Russel Holland
United States District Judge

---

[19] Docket No. 56.

[20] Because the court is granting Tomlinson's motion to dismiss, it need not consider her alternative requests to transfer or stay this action.